Frank E. Peabody and Evelyn M. Peabody v. Commissioner. Frank E. Peabody v. Commissioner.
Peabody v. Commissioner
Docket Nos. 19859, 19860.
United States Tax Court
1949 Tax Ct. Memo LEXIS 66; 8 T.C.M. (CCH) 861; T.C.M. (RIA) 49230; September 29, 1949
*66 Frank E. Peabody, pro se. Louis A. Boxleitner, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax of the petitioners as follows: Docket
No.
Year
Amount
Frank E. Peabody
19860
1941
$ 6,991.96
Frank E. Peabody and
Evelyn M. Peabody
19859
1943
78,779.88 The only issue for decision for 1941 is whether the petitioner is entitled to deduct $37,465.40 in 1941 as one-half of a long-term capital loss on stock of American Connellsville Coal and Coke Company. The issues for decision at docket number 19859 are whether the Commissioner erred in taxing as income of the petitioner for 1942, $85,630 and $30,000 received in that year pursuant to an agreement. Findings of Fact The petitioners are husband and wife. The returns for the years in question were filed with the collector of internal revenue for the twenty-third district of Pennsylvania. The Commissioner, in determining the deficiency for 1941, disallowed a claimed deduction of $46,950.75 for a long-term capital loss and explained that such loss claimed on common stock of the American Connellsville Coal *67 and Coke Company "is not an allowable deduction." All of the American Connellsville common stock of the total par value of $115,000, except two qualifying shares, was at all times in the name of the petitioner. He took it in 1919 representing the Reilly E. Peabody Company. Its cost to the owner was $115,000. The petitioner never claimed any loss on the stock prior to 1941. The issuing corporation ceased to exist in 1920. The stock became worthless many years prior to 1941. The corporation owned some defaulted bonds of another corporation which had lost most of its assets. Some assets of the debtor corporation, previously ignored as worthless, were the source of some distributions to the bondholders in 1941, 1942 and 1946. The petitioner, recognized as the sole owner of the stock of American Connellsville Coal and Coke Company, received $37,026.15 of the 1941 distribution. American Connellsville Coal and Coke Company was entitled to shares of the 1942 and 1946 distributions. The petitioner did not sustain any loss on the American Connellsville Coal and Coke Company stock in 1941. The Commissioner, in determining the deficiency for 1943, added to reported income for 1942 $115,630 *68 with the following explanation: "(a) It is determined that you received taxable income in the amount of $85,630.00 in the year 1942 by reason of the cancellation of your personal indebtedness for that amount. "It is determined that the amount of $30,000 paid to you in 1942 by Julian Kennedy, Jr., and/or William Kennedy, constitutes taxable income to you in that year. The petitioner had had dealings with the Kennedy family for many years prior to 1942. He had received about $85,630 from the Kennedys over a period of years, mostly at the rate of $200 per month. This money was to help defray his expenses as he traveled in efforts to obtain some valuable properties for the Kennedys. He never reported this money as income. The deals he endeavored to make failed because the Kennedys could not obtain the necessary capital. The petitioner and the Kennedys settled all of their differences by an agreement dated April 2, 1942 which recited that Peabody claimed he had sustained losses in the purchase of Orient Coke Plant in which the Kennedys had been stockholders, had had other transactions with the Kennedys and corporations in which they had been interested and had received about $85,630 *69 from the Kennedys which they "may claim is owing to them" and the parties, without admitting the validity of the various claims, agreed to settle all of their differences. It provided that the Kennedys would pay the petitioner $30,000 and that each released the other from all claims. The $85,630 did not represent income realized by the petitioner in 1942. The $30,000 represented income realized by the petitioner in 1942. Opinion MURDOCK, Judge: The record is not entirely clear as to how the petitioner acquired the American Connellsville Coal and Coke Company stock or what his basis for that stock was. However, the conclusion is inescapable on this record that it became worthless long prior to 1941, as the petitioner believed and stated on more than one occasion. The distributions from the debtor were unexpected and the creditor corporation had to be legally revived to obtain its share of those funds. The distributions do not show that the stock had any value between 1920 and 1940, but if they did, then, since the final distribution was not made until 1946, the stock continued to have value until that time. The petitioner has failed to show that the Commissioner erred in determining *70 the deficiency for 1941. The petitioner has failed to show that the $30,000 apparently received in 1942 was not all income to him. He talks about it being partial reimbursement for a $200,000 loss sustained many years previously but he fails to show that he personally ever sustained any such loss, that the Kennedys were paying the money because of that prior transaction, or that it would not be income if it was on account of the loss. The status of the $85,630 item is not entirely clear but a fair conclusion from the entire record is that it was to defray expenses incurred in the petitioner's unsuccessful efforts to arrange a big deal for the Kennedys. They never demanded repayment and apparently did not expect it. Money advanced to defray expenses does not, under such circumstances, represent income in 1942 merely because the Kennedys agreed in that year to settle all claims of the petitioner by paying him $30,000 and executing mutual releases of any other existing claims. The payment of $30,000 tends to show that he did not owe them $85,630. The Commissioner erred in including this item in the petitioner's income for 1942. Decisions will be entered under Rule 50.